IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALVIN DAVID McBRIDE | § | |
| v. | § | CIVIL ACTION NO. 9:07cv60 |
| DR. STEPHEN BAER, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Alvin McBride, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit complaining of various alleged constitutional deprivations during his confinement in the prison. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment pursuant to 28 U.S.C. §636(c).

An evidentiary hearing was conducted on August 9, 2007. At this hearing, McBride testified concerning his claim that he had been denied dentures after having his teeth pulled on the promise of receiving either dentures or a partial plate. He stated that he had been told that this was the policy of the University of Texas Medical Branch in Galveston, which provides care for inmates confined in TDCJ-CID.

As defendants in his lawsuit, McBride named Dr. Stephen Baer, the dentist who had treated him; Dr. Owen Murray, the manager of UTMB's correctional managed care department; Dr. John Stobo, the President of UTMB; Nathaniel Quarterman, the Director of TDCJ-CID; and Warden Bobby Phillips of the Diboll Correctional Center.

McBride testified that he had three upper and nine lower teeth, that he had difficulty chewing, and that he had suffered from infected and bleeding gums as well as cuts and sores in his mouth. The Fifth Circuit has held that failure to provide dentures to prisoners with similar symptoms could show deliberate indifference to a serious medical need. Vasquez v. Dretke, 226 Fed.Appx. 338 (5th

Cir., March 9, 2007) (not selected for publication in the Federal Reporter), *citing* Farrow v. West, 320 F.3d 12354, 1244-45 (11th Cir. 2003); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001); Hunt v. Dental Dept., 854 F.2d 198, 201 (9th Cir. 1989). McBride should be allowed to proceed on his claim against Dr. Baer and Dr. Murray.

The remaining defendants were sued because of their positions of authority. The Fifth Circuit has held that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. Williams v. Luna, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

McBride has not shown that Dr. Stobo, Nathaniel Quarterman, or Warden Phillips were personally involved in a constitutional deprivation, that wrongful conduct by them was causally connected to a constitutional violation, or that they implemented a policy so deficient as to amount to a repudiation of his constitutional rights and which was the moving force behind a constitutional deprivation. To the extent that McBride challenges UTMB's denture policy, he may proceed against Dr. Murray. The remaining supervisory officials should be dismissed from the lawsuit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory.  Neitzke v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, McBride's complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted against the Defendants Dr. John Stobo, Nathaniel Quarterman, and Warden Bobby Phillips.  It is accordingly

ORDERED that the Plaintiff's claims against the Defendants Dr. John Stobo, Nathaniel Quarterman, and Warden Bobby Phillips are hereby DISMISSED with prejudice as frivolous.  It is further

ORDERED that the Defendants Dr. Stobo, Nathaniel Quarterman, and Warden Phillips are hereby DISMISSED as parties to this lawsuit.  The dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against the Defendants Dr. Stephen Baer and Dr. Owen Murray.  Finally, it is

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this **9**   day of  **August, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE